**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENCIO P. VALLEJO, | No. 15-16713 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-02352-AWI-SKO |
| v. | |
| GRAY, Dr., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Florencio P. Vallejo, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment for defendant Gray because Vallejo failed to raise a genuine dispute of material fact as to whether Gray was deliberately indifferent to Vallejo's serious medical needs. *See Toguchi*, 391 F.3d at 1057 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (explaining that plaintiffs alleging deliberate indifference in § 1983 actions "must . . . demonstrate that the defendants' actions were both an actual and proximate cause of their injuries").

The district court properly dismissed Vallejo's claim under the Americans with Disabilities Act (the "ADA") because Vallejo failed to allege facts sufficient to show that the alleged violation arose from discrimination against him because of a disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court did not abuse its discretion by denying Vallejo's requests for appointment of counsel because Vallejo did not show exceptional

15-16713

circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**